```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

TIMOTHY L. JORDAN, JR.,          :
    Petitioner,              :    NO. 1:07-cv-00559
                                 :
                                 :    **OPINION AND ORDER**
  v.                             :
                                 :
                                 :
WARDEN, LEBANON CORRECTIONAL     :
INSTITUTION                      :
    Respondent.              :
                                 :

This matter is before the Court on the Report and Recommendation in which the assigned Magistrate Judge recommended that Petitioner's habeas corpus petition be DENIED (doc. 15), and Petitioner's objections thereto (doc. 19). For the reasons indicated herein, the Court ADOPTS IN PART AND REJECTS IN PART the Magistrate Judge's Report and Recommendation (doc. 15).

A grand jury indicted Petitioner on one count of aggravated murder as defined in Ohio Rev. Code 2903.01(B) with specifications (doc. 15). On May 14, 2004, Petitioner entered a plea of not guilty and proceeded to trial (Id.). After the prosecution excused two African American jurors during voir dire, Petitioner moved the court for a mistrial under Batson v. Kentucky, 476 U.S.A. 79 (1986) (doc. 15). Following an evidentiary hearing, the motions were overruled, and on December 2, 2004, after a guilty jury verdict was rendered, the petitioner was sentenced to life imprisonment with parole eligibility after 20 years (doc. 7). Petitioner timely appealed to the Ohio Court of Appeals, First

Appellate District where that court overruled all of Petitioner's assignments of error, affirming the trial court's judgment (Id.). On October 18, 2006, the Supreme Court of Ohio denied leave to appeal and dismissed the appeal "as not involving any substantial constitutional question" (Id.).

Thereafter, on July 20, 2007, Petitioner brought this habeas corpus action, pursuant to 28 U.S.C. § 2254 (doc. 1). Petitioner pled seven grounds for relief:

> GROUND ONE: The prosecution denied Petitioner his constitutional rights of equal protection and due process by exercising a peremptory challenge on an African American prospective juror where the Petitioner is an African American and failed to give a valid race-neutral reason for so doing in violation of Batson v. Kentucky, 476 U.S. 79 (1986).
>
> GROUND TWO: The prosecution used law enforcement databases that were not available to Petitioner to obtain information about African American juror, depriving Petitioner the equal opportunity to conduct their own investigation therefore violating due process and equal protection under the Fourteenth Amendment of the U.S. Constitution.
>
> GROUND THREE: Petitioner was not afforded his constitutional right to due process and a fair and impartial jury secured by the Sixth Amendment because the prosecution did not disclose its intentions and results of the record check run on the African American jurors and failed to offer a valid reason or race neutral explanation.
>
> GROUND FOUR: Petitioner's conviction is based on insufficient evidence in violation of the Due Process Clause. The State failed to present sufficient evidence that Petitioner was the person who fired the fatal shot.
>
> GROUND FIVE: Petitioner was denied a fair trial under the Fourteenth Amendment when the prosecution used Mr. Higgins' prior grand jury testimony and statements to

police as substantive evidence of guilt and not soley for impeachment purposes.

GROUND SIX: Petitioner was denied a fair trial when the prosecutor used the prior inconsistent statements of Mr. Higgins without any foundation for their admission and without proof that the statements were even made.

GROUND SEVEN: Petitioner was not afforded the opportunity to cross examine Mr. Higgins in violation of The Confrontation Clause of the Sixth Amendment (doc. 15).

On September 29, 2008, after considering each of Petitioner's arguments, the Magistrate Judge issued a Report and Recommendation, recommending that the petition be dismissed with prejudice (doc. 15). With respect to Grounds One, Two, and Three regarding Petitioner's claim that his equal protection and due process rights were violated when the trial court permitted the prosecution to dismiss two African American jurors because of their race in violation of Batson v. Kentucky, 476 U.S. 79 (1986), the Magistrate Judge concluded that the First District Court of Appeals' decision "was not an objectively unreasonable application of Batson and its progeny" (Id.). In support of this conclusion, the Magistrate Judge found that the prosecutor's explanations were facially valid and race neutral because suspicions were raised as to the two jurors who did not drive, as lack of driving privileges can be the result of prior convictions and that neither juror was truthful about their criminal history (doc. 15). In addition, the Magistrate Judge stated that Petitioner failed to prove that similarly situated white jurors with criminal histories were not

struck from the jury panel (Id.). Considering Petitioner's Sixth Amendment claim plead in Gound Three, the Magistrate Judge found it without merit because the Sixth Amendment does not ban peremptory challenges that exclude particular jurors from the petit jury. Holland v. Illinois, 493 U.S. 474, 480 (1990). Here, the criminal records database was used to investigate some, but not all of the African American members of the jury pool and therefore, "did not result in the systematic exclusion of African Americans"(doc. 15).

The Magistrate Judge next considered Ground Four of the petition, in which Petitioner alleged that his aggravated murder conviction was not supported by sufficient evidence (Id.). Concluding that Petitioner is not entitled to habeas relief based on this claim, the Magistrate Judge stated that though there was some discrepancy between the deputy coroner's conclusion that the victim was shot at close range and the actual proximity of the Petitioner, strong eyewitness testimony was presented "from which the jury could find beyond a reasonable doubt that petitioner was the shooter" (Id.).

Next, the Magistrate Judge considered Petitioner's claims in Grounds Five, Six, and Seven, concluding each to be without merit. With respect to Grounds Five and Seven, alleging that Petitioner's Sixth Amendment Confrontation Clause rights had been violated, the Magistrate Judge found that the adverse witness testified at Petitioner's trial and was "subjected to unrestricted

cross-examination by defense counsel" satisfying the Sixth Amendment (doc. 15). Citing Crawford v. Washington, 541 U.S. 36, 50-50 (2004), the Magistrate Judge explained that where a prior statement is admitted solely for the non-hearsay purpose of impeachment, no Confrontation Clause problem arises (Id.).

With respect to Ground Six, alleging no foundational basis for the admission of the prior statements made by the adverse witness, the Magistrate Judge found that the Writ of Habeas Corpus is an improper means by which Petitioner can challenge a perceived error of state law (Id.). The Magistrate Judge further found that the prosecutor's use of the witness' prior inconsistent statements during closing argument did not render Petitioner's trial fundamentally unfair because the prosecutor framed the issue of the testimony as one of credibility and the trial court specifically instructed the jury as to the exclusive impeachment purpose of the testimony (Id.).

Petitioner objects to the Magistrate's Report and Recommendation, asserting first that the facts cited by the Magistrate Judge from the First District Ohio Court of Appeals are insufficient to establish guilt because they were unreasonable in light of the evidence presented in the State court(doc. 19). Petitioner next objects to the Magistrate Judge's conclusion that the prosecution did not violate Batson by dismissing two African American Jurors, primarily reasserting his claim that the

prosecution failed to give any race-neutral reasons for dismissing the jurors (Id.).  Finally, Petitioner reiterates Grounds Four, Five, Six, and Seven for relief in his habeas petition (Id.).

The Court finds Petitioner's objections without merit. First, the Petitioner's objections to the facts found by the trial court are unwarranted because, as the Magistrate Judge correctly found, "on federal habeas review, the factual findings of the state appellate court are entitled to a presumption of correctness in the absence of clear and convincing evidence to the contrary." 28 U.S.C. 2254(e)(1).  Upon review of the record, this Court finds that the Magistrate Judge correctly concluded that Petitioner failed to prove that the findings of the state appellate court are unreasonable (doc. 15).  Second, Petitioner presented no new arguments disputing the Magistrate Judge's conclusion that his grounds for relief as to his Batson claim were without merit.  The Magistrate Judge correctly concluded that the prosecution's explanation as to the peremptory challenges to both jurors were facially valid and race neutral, thereby meeting the criteria set forth in Batson (doc. 15).  The Court finds the Magistrate Judge's conclusions to be well-reasoned and correct.

Having reviewed this matter de novo pursuant to 28 U.S.C. §636(b), the Court ADOPTS the Magistrate Judge's Report and Recommendation in part and REJECTS in part(doc. 15), and thus DENIES Petitioner's Petition for Writ of Habeas Corpus (doc. 1),

and DISMISSES this case from its docket.  Further, the Court DECLINES to issue a certificate of appealability as to Grounds Four through Seven of the petition because Petitioner has failed to make a substantial showing of the denial of a constitutional right based on these claims.  See 28 U.S.C. 2253(c); Fed. R. App. P. 22(b).

The Court does ISSUE a certificate of appealability with respect to the claims alleged in Grounds One, Two, and Three of the petition because reasonable jurists could debate whether defense counsel should have the same opportunity to use the electronic resources used by the prosecution in challenging the two African American jurors, and because the issues presented are "adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 323-324 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 483-84 (2000)).  Additionally, the Court CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would be taken in "good faith" and, therefore, GRANTS Petitioner leave to proceed on appeal in forma pauperis upon a showing of financial necessity. See Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

SO ORDERED.

Dated: February 26, 2009     /s/ S. Arthur Spiegel
                             S. Arthur Spiegel
                             United States Senior District Judge